# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JOE LEE BLASSINGILL, )<br>    Plaintiff, )<br>vs. )<br>    )<br>    )<br>NINA REYES and SARAH ORTIZ, )<br>    Defendants. ) | No. 3:17-CV-3415-B (BH)<br><br>Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

By order of reference dated January 24, 2018 (doc. 7), this case has been referred for full case management, including determination of non-dispositive motions and findings and recommendation on dispositive motions. Before the court is the *Motion for Scire Facias Document Pursuant to Rule 25(a)(1)*, filed January 23, 2018 (doc. 6), by the plaintiff's son. He appears to seek to substitute himself as the plaintiff because his father is now deceased. Based on the relevant filings and applicable law, the motion to substitute is **DENIED**.

## I. BACKGROUND

On November 19, 2017, the plaintiff filed this civil rights action in state court alleging that the defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. (*See* doc. 1 at 1-2; doc. 1-4 at 5-8.) He claimed that the defendants improperly accepted certified mail he sent to the Chairman of the Texas Parole Board, which resulted in the granting of a motion to strike legal documents he presented to a county court based on improper service, and interfered with his ability to sue the Chairman. (*See* doc. 1-4 at 6-7; doc. 5 at 8-11.) The defendants answered and removed the action to federal court on December 15, 2017, based on federal question jurisdiction. (*See* doc. 1 at 2; doc. 1-4 at 16-18.)

On January 23, 2018, Tony Blassingill (Movant) filed a motion requesting a "scire facias

document" be provided to him so that this lawsuit would proceed "in his name acting as power of attorney as to all matters in his name to include law suits before his [father's] death on January 15, 2018." (doc. 6 at 1.) He attached a copy of the funeral program showing that the plaintiff passed away on January 15, 2018, and that he was survived by eight children as well as grandchildren, great grandchildren and other relatives. (*Id.* at 2-3.)

## II. ANALYSIS

Movant seeks a *scire facias* document and expressly invokes Rule 25(a)(1) of the Federal Rules of Civil Procedure.

A writ of *scire facias* is a procedure by which an action could be revived or continued after the death of a party. *Ransom v. Brennan*, 437 F.2d 513, 516 n.3 (5th Cir. 1971). The writ was abolished by Rule 81(b) of the Federal Rules of Civil Procedure and replaced by motion practice under Rule 25. *See id.; see also Kundra v. Dallas County*, No. 3:06-CV-0684-B, 2009 WL 37594, at *1 (N.D. Tex. Jan. 7, 2009) (Boyle, J.). Under Rule 25(a)(1), if a party dies during a case, the court may order substitution of the proper party on motion of a party or the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1).[1]

### A. **Proper Party**

Although the Federal Rules "govern the procedure for substitution following a party's death, state substantive law determines the survivability of the cause of action and the status of the party

---

[1] Rule 151 of the Texas Rules of Civil Procedure provides that if a plaintiff in a lawsuit dies, the heirs or the administrator or executor may appear in the lawsuit, and after filing a suggestion of death, may be substituted. Tex. R. Civ. P. 151. If no heirs or the administrator or executor has appeared and filed a suggestion of death within a reasonable time, the defendant may seek the issuance of *scire facias* requiring the heirs or administrator or executor to appear and prosecute the suit. *Id.* If the heirs or administrator or executor fail to appear, then the defendant may have the suit dismissed. *Id.* This state procedural rule does not apply in this removed case; the Federal Rules of Civil Procedure apply once a case has been removed from state court. Fed. R. Civ. P. 81(c)(1); *see also Ransom*, 437 F.2d at 520 (Rule 25 is the procedural rule controlling the manner of effecting substitution in the federal courts, and its requirements prevail over conflicting state law regarding substitution in state courts).

2

seeking to be substituted for the [decedent]." *Wilson v. Novartis Pharmaceuticals Corp.*, No. 4:12-CV-684-A, 2013 WL 593895, at *9 n.7 (N.D. Tex. Feb. 15, 2013), *aff'd* 575 F. App'x 296 (5th Cir. 2014) (citations omitted); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010) ("Whether a person is a proper party is ... a substantive rather than procedural question and is determined according to state law."). Here, the defendants do not dispute that this civil rights action survives the plaintiff's death under Texas law. (*See* doc. 8 at 1, citing TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West); *Upton County v. Brown*, 960 S.W.3d 808, 818-19 (Tex. App.–El Paso 1997, no pet.).) At issue is Movant's status.

Under the Texas Survival Statute, an "action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849-51 (Tex. 2005); *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998); *see also Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 304 (2016). Texas law defines a "personal representative" as an executor or administrator, or a successor thereof. TEX. EST. CODE § 21.031; *Turk v. Mangum*, 268 F. Supp. 3d 928, 935 (S.D. Tex. 2017). Although "[u]sually only a personal representative may bring a survival action, ... '[h]eirs at law can maintain a survival suit . . . if they allege and prove that there is no administration pending and none is necessary.'" *Rodgers*, 819 F.3d at 212, citing *Shepherd*, 962 S.W.2d at 31-32. An "heir" is "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." TEX. EST. CODE § 22.015; *Turk*, 268 F. Supp. 3d at 935. "If a person who dies intestate does not leave a spouse, the estate to which the person had title descends and passes in parcenary to the person's kindred in the order

3

provided by [§ 201.001]."[2] TEX. EST. CODE ANN. § 201.001(a) (West 2014). A person's estate first descends and passes to the deceased's children and the children's descendants, if living. *Id.* § 201.001(b).

Here, Movant has not shown that the plaintiff died intestate, or that he is the personal representative of the plaintiff's estate. He did attach a copy of the program from his father's funeral to his motion. (*See* doc. 6 at at 2-3.) It states that the plaintiff passed away on January 15, 2018, and that he is survived by children, grandchildren, great grandchildren and other relatives, but it does not reflect that he is survived by a spouse. The funeral program indicates that Movant is one of the plaintiff's legal heirs, if the plaintiff died intestate. As noted by the defendants, Movant has not shown that there is no pending administration of the plaintiff's estate, and that none is necessary. He has not shown that he has capacity to represent the plaintiff's estate in this action.

**B.     Pro se representation**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Individuals who are not "licensed to practice law may not represent the legal interests of others" in federal court, however. *Rodgers*, 819 F.3d at 210, citing *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). With regard to an estate, "[a] person with capacity under state law to represent an estate in a survival

---

[2] Coparcenary is defined as "[a]n estate that arises when two or more persons jointly inherit from one ancestor, the title and right of possession being shared equally by all. • Coparcenary was a form of coownership created by common-law rules of descent upon intestacy when two or more persons together constituted the decedent's heirs. . . . Also termed *parcenary*; *tenancy in coparcenary*." *Coparcenary*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see Parcenary*, BLACK'S LAW DICTIONARY (10th ed. 2014) (referring reader to Coparcenary).

action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Id.* at 211.

As noted, Movant is not the only legal heir to or beneficiary of his father's estate. The funeral program states that the plaintiff is survived by eight children as well as grandchildren, great grandchildren and other relatives. (*See* doc. 6 at at 2-3.) Movant has also not shown that his father's estate has no creditors. Even if he had shown that he has capacity to represent his father's estate, Movant may not prosecute this action *pro se* on behalf of his father's estate.

Movant's motion to be substituted as the *pro se* plaintiff in this case under Rule 25 is **DENIED**. If a motion is not timely filed by a licensed attorney in accordance with Rule 25, dismissal of the case will be recommended.

**SIGNED this 29th day of January, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE