IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JOE LEE BLASSINGILL,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-3415-B (BH) |
| ) | |
| ) | Referred to U.S. Magistrate Judge |
| **NINA REYES and SARAH ORTIZ,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

By order of reference dated January 24, 2018 (doc. 7), this *pro se* case has been referred for full case management, including determination of non-dispositive motions and findings and recommendation on dispositive motions. Based on the relevant filings and applicable law, the case should be dismissed without prejudice.

**I.  BACKGROUND**

On November 19, 2017, the plaintiff filed this civil rights action in state court alleging that the defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution. (*See* doc. 1 at 1-2; doc. 1-4 at 5-8.)  He claimed that the defendants improperly accepted certified mail he sent to the Chairman of the Texas Parole Board, which resulted in the granting of a motion to strike legal documents that he presented to a county court based on improper service, and which interfered with his ability to sue the Chairman. (*See* doc. 1-4 at 6-7; doc. 5 at 8-11.)  The defendants answered and removed the action to federal court on December 15, 2017, based on federal question jurisdiction. (*See* doc. 1 at 2; doc. 1-4 at 16-18.)

On January 23, 2018, the plaintiff's son, Tony Blassingill (Movant) filed a *Motion for Scire Facias Document Pursuant to Rule 25(a)(1),* requesting that a "scire facias document" be provided to him so that this lawsuit would proceed "in his name acting as power of attorney as to all matters

in his name to include law suits before his [father's] death on January 15, 2018." (doc. 6 at 1.) He attached a copy of the funeral program showing that the plaintiff had passed away on January 15, 2018, and that he was survived by eight children as well as grandchildren, great grandchildren and other relatives. (*Id.* at 2-3.)

By memorandum opinion and order dated January 29, 2018, the motion for a "scire facias document" was denied because Movant did not show that he had the capacity to represent his father's estate in this action, and even if he did, he could not prosecute the action on its behalf *pro se*. (*See* doc. 9.) The memorandum opinion and order expressly provided that if a motion was not timely filed by a licensed attorney in accordance with Rule 25, dismissal of this action would be recommended. No attorney has entered an appearance on behalf of the plaintiff's estate, and Movant has filed nothing else in the case.

## II. ANALYSIS

A writ of *scire facias* was a procedure by which an action could be revived or continued after the death of a party. *Ransom v. Brennan*, 437 F.2d 513, 516 n.3 (5th Cir. 1971). The writ was abolished by Rule 81(b) of the Federal Rules of Civil Procedure and replaced by motion practice under Rule 25. *See id.; see also Kundra v. Dallas County*, No. 3:06-CV-0684-B, 2009 WL 37594, at *1 (N.D. Tex. Jan. 7, 2009) (Boyle, J.). Under Rule 25(a)(1), if a party dies during a case, the court may order substitution of the proper party on motion of a party or the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1).[1]

---

[1] Rule 151 of the Texas Rules of Civil Procedure provides that if a plaintiff in a lawsuit dies, the heirs or the administrator or executor may appear in the lawsuit, and after filing a suggestion of death, may be substituted. Tex. R. Civ. P. 151. If no heirs or the administrator or executor has appeared and filed a suggestion of death within a reasonable time, the defendant may seek the issuance of *scire facias* requiring the heirs or administrator or executor to appear and prosecute the suit. *Id.* If the heirs or administrator or executor fail to appear, then the defendant may have the suit dismissed. *Id.* This state procedural rule does not apply in this removed case; the Federal Rules of Civil Procedure apply

**A.     Proper Party**

Although the Federal Rules "govern the procedure for substitution following a party's death, state substantive law determines the survivability of the cause of action and the status of the party seeking to be substituted for the [decedent]." *Wilson v. Novartis Pharmaceuticals Corp.*, No. 4:12-CV-684-A, 2013 WL 593895, at *9 n.7 (N.D. Tex. Feb. 15, 2013), *aff'd* 575 F. App'x 296 (5th Cir. 2014) (citations omitted); *see also* 6 MOORE'S FEDERAL PRACTICE § 25.12[3] (3d ed. 2010) ("Whether a person is a proper party is ... a substantive rather than procedural question and is determined according to state law."). Here, the defendants do not dispute that this civil rights action survives the plaintiff's death under Texas law. (*See* doc. 8 at 1, citing TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West); *Upton County v. Brown*, 960 S.W.3d 808, 818-19 (Tex. App.–El Paso 1997, no pet.).)

Under the Texas Survival Statute, an "action survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b); *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 849-51 (Tex. 2005); *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998); *see also Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016), *cert. denied,* 137 S. Ct. 304 (2016). Texas law defines a "personal representative" as an executor or administrator, or a successor thereof. TEX. EST. CODE § 21.031; *Turk v. Mangum*, 268 F. Supp. 3d 928, 935 (S.D. Tex. 2017). Although "[u]sually only a personal representative may bring a survival action, ... '[h]eirs at law can maintain a survival suit . . . if they allege and prove that there is no administration pending and none is necessary.'" *Rodgers*, 819 F.3d at 212, citing

---

once a case has been removed from state court. Fed. R. Civ. P. 81(c)(1); *see also Ransom*, 437 F.2d at 520 (Rule 25 is the procedural rule controlling the manner of effecting substitution in the federal courts, and its requirements prevail over conflicting state law regarding substitution in state courts).

*Shepherd*, 962 S.W.2d at 31-32. An "heir" is "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." TEX. EST. CODE § 22.015; *Turk*, 268 F. Supp. 3d at 935. "If a person who dies intestate does not leave a spouse, the estate to which the person had title descends and passes in parcenary to the person's kindred in the order provided by [§ 201.001]."[2] TEX. EST. CODE ANN. § 201.001(a) (West 2014). A person's estate first descends and passes to the deceased's children and the children's descendants, if living. *Id.* § 201.001(b).

Here, Movant has not shown that the plaintiff died intestate, or that he is the personal representative of the plaintiff's estate. He did attach a copy of the program from his father's funeral to his motion. (*See* doc. 6 at 2-3.) It states that the plaintiff passed away on January 15, 2018, and that he is survived by children, grandchildren, great grandchildren and other relatives, but it does not reflect that he is survived by a spouse. The funeral program indicates that Movant is one of the plaintiff's legal heirs, if the plaintiff died intestate. As noted by the defendants, Movant did not show that there is no pending administration of the plaintiff's estate, and that none is necessary. He failed to show that he has capacity to represent the plaintiff's estate in this action.

**B.    Pro se representation**

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C.A. § 1654. Individuals who are not "licensed to practice law may

---

[2]  Coparcenary is defined as "[a]n estate that arises when two or more persons jointly inherit from one ancestor, the title and right of possession being shared equally by all. Coparcenary was a form of coownership created by common-law rules of descent upon intestacy when two or more persons together constituted the decedent's heirs. . . . Also termed *parcenary*; *tenancy in coparcenary*." *Coparcenary*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see Parcenary*, BLACK'S LAW DICTIONARY (10th ed. 2014) (referring reader to Coparcenary).

not represent the legal interests of others" in federal court, however. *Rodgers*, 819 F.3d at 210, citing *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir.1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir.1970) (holding that only licensed lawyers may represent others in federal court). With regard to an estate, "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Id.* at 211.

As noted, Movant's filings show that he is not the only legal heir to or beneficiary of his father's estate. The funeral program states that the plaintiff is survived by eight children as well as grandchildren, great grandchildren and other relatives. (*See* doc. 6 at at 2-3.) Movant has also not shown that his father's estate has no creditors. Even if he has capacity to represent his father's estate, Movant may not prosecute this action *pro se* on behalf of his father's estate.

By memorandum opinion and order dated January 29, 2018, Movant was advised that even if he had the capacity to represent his father's estate in this action, which he does not, he could not prosecute the action on its behalf *pro se*. (*See* doc. 9.) He was expressly advised that if motion was not timely filed by a licensed attorney in accordance with Rule 25, dismissal of this action would be recommended. Nevertheless, no attorney has entered an appearance on behalf of the plaintiff's estate, and Movant has not filed anything else in the case.

## I. RECOMMENDATION

Because Movant may not prosecute this action on behalf of the plaintiff's estate without legal counsel, it should be dismissed without prejudice, unless licensed counsel enters an appearance on its behalf within the time for objection to this recommendation, or some other deadline set by the Court.

**SIGNED** on this 18th day of September, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE